UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| REBEL ENGINE ENTERTAINMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LUCAS HOGE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:25-cv-01354<br><br>JUDGE RICHARDSON |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a motion to dismiss the complaint (Doc. No. 1, "Complaint") of Plaintiff, Rebel Engine Entertainment, LLC ("REE"), for failure to state a claim (Doc. No. 13, "Motion") and supporting memorandum of law (Doc. No. 13-1) filed by Defendant, Lucas Hoge ("Hoge" or "Mr. Hoge"). REE has filed a response (Doc. No. 14, "Response") opposing the Motion. Hoge did not file a reply.

For the reasons discussed herein, the Motion is **DENIED** in its entirety.

**ALLEGED FACTS**

The Complaint is a model of conciseness[1] and (in some respects) clarity, if not detail.[2] The material factual allegations (in regular typeface) and associated legal conclusions (in italics) are as follows: [3]

---

[1] To his credit, Hoge makes his arguments in his supporting memorandum with similar conciseness.

[2] Notably, as indicated below, "detailed" factual allegations are not required for a complaint to survive a motion to dismiss under Rule 12(b)(6).

[3] For purposes of the instant Motion and pursuant to the typical mechanisms of assessing motions under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the factual allegations in the Complaint as true but does not accept the legal conclusions as true.

7. REE was an independent record label with its principal place of business in Nashville, Tennessee that specializes in county [sic] music artists.

8. Mr. Hoge was a country music artist based in Nashville, Tennessee.

9. Mr. Hoge's wife, Laura Lynn Hoge, requested, on behalf of Mr. Hoge, that REE loan Mr. Hoge $180,000 to cover Mr. Hoge's first single release and radio tour.

10. Mr. Hoge *agreed to pay back the $180,000 loan in full plus interest*.

11. On August 30, 2016, Ms. Hoge, on behalf of Mr. Hoge, specifically represented in writing that Mr. Hoge would pay REE back, plus interest. *See* **Exhibit 1.** Mr. Hoge has copies of the written correspondence between Ms. Hoge and/or Mr. Hoge on one hand and REE on the other regarding the loan agreement.

12. Mr. Hoge's first single release and radio tour are complete, but he has refused to pay back the $180,000 loan plus interest.

13. *Mr. Hoge has breached the parties' contract*.

14. *In the alternative, Mr. Hoge was unjustly enriched by retaining the benefit of the $180,000 without reimbursing REE*.

. . . .

## CLAIMS FOR RELIEF

### COUNT I
### (Breach of Contract)

. . . .

19. *The agreement at issue is a valid and enforceable contract*.

20. *Mr. Hoge breached the agreement*, *and the duty of good faith and fair dealing implicit in the agreement*, by refusing to pay back the $180,000 loan plus interest.

21. Mr. Hoge's breach of the contract has caused damage to REE in an amount to be established at trial.

22. Mr. Hoge committed the breach of contract intentionally, fraudulently, maliciously, and/or recklessly, entitling REE to punitive damages.

**COUNT II**
**(Unjust Enrichment/Quantum Meruit)**

> . . . .
>
> 24. To the extent it is determined there is no enforceable contract, REE pleads, in the alternative, that *Mr. Hoge is liable for unjust enrichment and quantum meruit.*
>
> 25. REE conferred benefits upon Mr. Hoge including, without limitation, at least $180,000 for Mr. Hoge's first single release and radio tour.
>
> 26. Mr. Hoge accepted and received the $180,000.
>
> 27. Mr. Hoge knew or should have known that REE would not have provided the $180,000 without Mr. Hoge paying REE back the full amount plus interest.
>
> 28. Mr. Hoge appreciated a benefit by taking the $180,000 and spending it on his first single release and radio tour.
>
> 29. *It is inequitable and unjust for Mr. Hoge to retain the benefit conferred from REE* without repayment of the funds, plus interest, used to launch his musical career.

(Doc. No. 1 at 3-4). The Complaint's Exhibit 1 (Doc. No. 1-1) constitutes an email from Laura Hoge (the "Ms. Hoge" referred to in the Complaint, apparently) to a David (apparently, a David Couch), with an attachment (drafted, inferably, by Ms. Hoge) that states, among many other things, "REE funded 180K which basically covered the first single release and radio tour," "[f]or the 180K we can schedule a percentage to pay REE back, plus some interest," and "[w]e can't thank you enough for what you have done for us so far! We feel truly blessed beyond words!!" (Doc. No. 1-1 at 3).

Via the Motion, Hoge seeks dismissal, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, of both the claim for breach of contract ("Count I") and the claim for unjust enrichment/quantum meruit ("Count II").

## LEGAL STANDARD

For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must take all factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*.; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), *cited in Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. This can be crucial, as no such allegations count toward the plaintiff's goal of reaching plausibility of relief. To reiterate, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bold" allegations. *Id*. at 681. The question is whether the remaining allegations—factual

allegations, *i.e.*, allegations of factual matter – plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Federal Rule of Civil Procedure 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id*. at 683. In making this assessment, a court must keep in mind that "[a]s the Court held in *Twombly,* [ ], the pleading standard Rule 8 announces does not require 'detailed factual allegations . . . .'" *Id.* at 678.

On a Rule 12(b)(6) motion to dismiss, "[t]he moving party has the burden of proving that no claim exists." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield,* 552 F.3d 430, 433 (6th Cir. 2008). That is not to say that the movant has some *evidentiary* burden; as should be clear from the discussion above, evidence (as opposed to *allegations* as construed in light of any allowable matters outside the pleadings) is not involved on a Rule 12(b)(6) motion. The movant's burden, rather, is a burden of *explanation*; since the movant is the one seeking dismissal, it is the one that bears the burden of explaining—with whatever degree of thoroughness is required under the circumstances—why dismissal is appropriate for failure to state a claim.

## DISCUSSION[4]

### I. COUNT I STATES A CLAIM FOR BREACH OF CONTRACT

On a breach-of-contract claim, such as the one that REE asserts in Count I, the plaintiff bears the burden of proving "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of contract." *BancorpSouth Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006) (citations omitted). It follows that a complaint alleging factual matter plausibly suggesting the existence of these three elements is adequate to survive a 12(b)(6) motion to dismiss under *Iqbal* and *Twombly*.

[4] The parties appear to assume that Tennessee law applies to both of REE's claims. Presumably this is because "REE was an independent record label with its principal place of business in Nashville, Tennessee," (Doc. 1 at ¶ 7), and "Mr. Hoge was a country music artist based in Nashville, Tennessee," (*id.* at ¶ 8). Accordingly, the Court herein applies Tennessee law.

The Court finds that the factual allegations of the Complaint, as bolstered by Exhibit 1, suffice to plausibly suggest the existence of these three elements.

In so finding, the Court adopts and keeps in mind the remarks of another district court: "A party advancing a breach of contract claim need not satisfy the particularity requirement of Rule 9(b). Rather, relatively simple allegations will suffice to plead a breach of contract claim even post-*Twombly* and *Iqbal*." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, No. 18-CV-4044 (BCM), 2021 WL 1227052, at *27 (S.D.N.Y. Mar. 31, 2021) (internal quotation marks and citations omitted). In the instant case, REE's breach-of-contract theory is simple: (1) the parties had a (verbal) agreement that, in return for receiving $180,000 from REE, Hoge would repay the $180,000 (with interest); (2) Hoge failed to perform the obligation to repay the $180,000 (with interest); and (3) REE (naturally) has been damaged (financially) by being deprived of the funds (and interest) that Hoge failed to repay. This is enough.

Resisting this conclusion, Hoge makes the following arguments: (i) "REE fails to adequately allege a meeting of the minds between Mr. Hoge and REE that resulted in mutual assent to the terms"; (ii) "[t]he 'contract' constitutes an impermissible indefiniteness regarding multiple essential terms of the alleged agreement"; and (iii) "[t]he alleged 'contract' lacks sufficient new consideration to make the 'contract' binding upon the parties." (Doc. No. 13-1 at 3, 5, 6). The Court rejects these arguments.

First, as to a "meeting of the minds," this is a mere *metaphor* that the Court is unsure must actually be found to exist in order to establish the existence of the first element of a breach-of-contract claim under Tennessee law. What *is* certainly required is the existence of an enforceable agreement, and the Court finds that Exhibit 1 presents factual matter sufficient to make it at least plausible that there was an oral agreement for Hoge to repay the $180,000 (with interest). Second,

the Court finds no basis for concluding that, to state such a simple breach-of-contract claim, a plaintiff must set forth any more contractual terms than what REE has alleged here: that Hoge would pay back the $180,000, with interest. In this regard, the Court adopts and keeps in mind the reasoning of another district court in a case where the plaintiff's claim (though certainly different from REE's claim in Count I) was likewise straightforward as pled:

> [The plaintiff's] breach of contract claim is very straight-forward and it is well-established that the amount of factual allegations required to state a plausible claim for relief under *Twombly* and *Iqbal* depends on the complexity of the case. *See Adams v. City of Indianapolis,* 742 F.3d 720 (7th Cir. 2014); *Limestone Dev. Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008). In his Complaint, [the plaintiff] provides "enough details about the subject-matter of the case to present a story that holds together" regarding the terms of the written settlement agreement and how [the defendant] breached the agreement. *See Engel v. Buchan,* 710 F.3d 698, 709 (7th Cir. 2013) (citation omitted). In other words, [the plaintiff] has alleged enough factual content allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

*Trehan v. Kikkerland Design, Inc.*, No. 13 C 8023, 2014 WL 1018319, at *3 (N.D. Ill. Mar. 17, 2014). And the Court agrees with REE, (Doc. No. 14 at 4-5), that the only potential "essential terms" missing from the agreement—namely, the timetable for repayment and the rate of interest— at least potentially can be supplied later by the Court.

Third, under REE's breach-of-contract theory, the contract was entered into at the time that REE provided Hoge with the $180,000, and the $180,000 *was* the consideration. Under that theory, no new consideration was required after that, and in particular (because Exhibit 1 neither is the contract nor memorializes some contract entered into *contemporaneously* with the transmission of Exhibit 1 to REE) no new consideration was required after the transmission of Exhibit 1. In this regard, the Court agrees with REE: "The Complaint does not allege . . . that the email itself is the

contract. (Doc. 1 ¶ 11). The email is simply written proof of the promise made [previously] by [Hoge].” (Doc. No. 14 at 5).[5]

Hoge’s specific, discrete challenges to REE’s breach-of-contract claim potentially could gain traction after discovery—e.g., at the summary-judgment stage, at trial, or post-trial. But that is not to say that REE was required to adequately allege factual matter sufficient to defeat every defense that Hoge might throw at it; *Iqbal and Twombly* do not require that. Relatedly, neither does Rule 8, which requires only a “short, plain statement” of the claim, Fed. R. Civ. P. 8, rather than a statement that accounts for whatever defense(s) to the claim that a defendant potentially might pose. In short, although the Court cannot say whether REE’s breach-of-contract claim will be successful (or, instead, will fail at later stages of this litigation), REE has sufficiently pled its claim. So, Count I survives the Motion.

## II. COUNT II STATES A CLAIM FOR UNJUST ENRICHMENT/QUANTUM MERUIT

As for the claim in Count II, it is styled as one for “unjust enrichment/quantum meruit,” (Doc. No. 1 at 3). Recently, the Tennessee Court of Appeals correctly summarized multiple principles regarding such a claim:

> “A quantum meruit action is an equitable substitute for a contract claim pursuant to which a party may recover the reasonable value of goods and services provided to another[.]” *Swafford v. Harris*, 967 S.W.2d 319, 324 (Tenn. 1998). This quasi-contract action is sometimes referred to as an action for unjust enrichment. See *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 154 (Tenn. 1966) (“Actions brought upon theories of unjust enrichment, quasi contract, contracts implied in law, and quantum meruit are essentially the same.”).

[5] When citing to a page in a document filed by one of the parties, the Court endeavors to cite to the page number (“Page __ of __”) added by the Clerk’s Office as part of the pagination process associated with Electronic Case Filing if such page number differs from the page number originally provided by the author/filer of the document. In the instant case, that applies with respect to REE’s Response.

*Johnson v. Lefeve*, No. M2024-01484-COA-R3-CV, 2026 WL 523193, at *14 (Tenn. Ct. App. Feb. 25, 2026). The above explains both why REE has given its Count II claim a double name and why REE pled this claim in the alternative to its Count I claim.[6]

Hoge has provided a creditable summary of applicable legal principles that underlie his argument as to Count II:

> The theory of unjust enrichment is based on the principle that "a party who receives a benefit that he or she desires, under circumstances rendering retention of the benefit without providing compensation inequitable, must compensate the provider of the benefit." *Freeman Indus., LLC. V. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) (citing *Paschall's Inc.*, 407 S.W.2d at 154).
>
> Accordingly, to establish an unjust enrichment claim, one must prove: "1) '[a] benefit conferred upon the defendant by the plaintiff'; 2) 'appreciation by the defendant of such benefit'; and 3) 'acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.'" *Freeman Indus.*, 172 S.W.3d at 525 (quoting *Paschall's Inc.*, 407 S.W.2d at 155). The Tennessee Supreme Court has noted that the most significant requirement in a claim for unjust enrichment is that the enrichment to the defendant be unjust. See *Freeman Indus., LLC.*, 172 S.W.3d at 525; *Whitehaven Cmty. Baptist Church*, 973 S.W.2d at 596; *Paschall's Inc.*, 407 S.W.2d at 155.

(Doc. No. 13-1 at 7-8). Hoge's challenge to Count II is directed (only) at the most significant requirement: "Here, REE fails to allege sufficient facts to raise its alleged right to relief under an unjust enrichment theory. The facts, as alleged by REE, fail to establish a plausible claim for relief that any alleged benefit would be inequitable for Mr. Hoge to retain." (*Id.* at 8).

The Court sees it differently. True, under *Iqbal* and *Twombly*, it would be insufficient if REE's allegations raised only a *possibility* that the alleged benefit (the $180,000) would be inequitable to retain. But neither certainty nor even probability is required; mere *plausibility* is enough. And the Court has little difficulty finding at least plausible the notion that it properly

[6] This claim *always* should be clearly pled in the alternative to a claim for breach of contract (if the plaintiff does make a claim for breach of contract). Unfortunately, often this does not happen. To its credit, REE has very clearly pled this claim in the alternative to the breach-of-contract claim in Count I.

would be deemed inequitable for Hoge to retain $180,000 (and avoid interest thereon) that had been provided to him based on his wife's request that "REE loan Mr. Hoge $180,000 to cover Mr. Hoge's first single release and radio tour." (Doc. No. 1 at ¶ 9). In short, although the Court cannot say whether REE's unjust enrichment/quantum meruit claim will be successful (or, instead, will fail at later stages of this litigation), REE has sufficiently pled its claim. So, Count II also survives the Motion.

## CONCLUSION

For the reasons discussed herein, the Motion (Doc. No. 13) is **DENIED** in its entirety.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE